IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as Personal Representative
of the Wrongful Death Estates of CHAD TYLER
GUNTER, deceased, and BRAD ANTHONY
GUNTER, deceased, ROBERT P. GUNTER,
BUNTY GUNTER, VERONICA GUNTER,
Individually and as Parent and Next Friend of
JOHN DOE 1, a minor, and JOHN DOE 2, a minor,

      Plaintiffs,

      v.                                  No. 24-cv-360-WJ-JFR

TRANSPORT INDIANA LLC (d/b/a INDIANA
TRANSPORT), MICKEY WALKER, and NEW
MEXICO DEPARTMENT OF TRANSPORTATION,

      Defendants.[1]

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Remand (**Doc. 7**). In their filing, Plaintiffs request that the Court return the case to First Judicial District Court, County of Santa Fe, State of New Mexico. Defendant Walker timely opposed the Motion (**Doc. 14**). Having reviewed the parties' briefings and the applicable law, the Court finds Plaintiffs' Motion is well-taken and, therefore, **GRANTS** the Motion to Remand.

### BACKGROUND

Plaintiffs filed their Complaint (**Doc. 1-1**) in New Mexico state court on January 30, 2024, alleging various state law claims in a wrongful death suit.

---

[1] Although Plaintiffs named three Defendants, only Defendant Mickey Walker responded (**Doc. 14**) to the Plaintiffs' Motion for Remand (**Doc. 7**). Neither Defendant Indiana Transport nor Defendant New Mexico Department of Transportation ("NMDOT") filed a response or joinder to Defendant Walker's Response on CM/ECF.

Plaintiffs' Complaint asserts that the "maintenance of Interstate 40 . . . including but not limited to the lack of a barrier and/or guardrail between the interstate and adjacent properties contributed to and/or exacerbated the collision." **Doc. 1-1 at ¶ 22**. Plaintiffs further allege that Defendant NMDOT "has a duty to maintain the roads in New Mexico for the safety of the traveling public." *Id.* **at ¶ 23**. Plaintiffs go on to say that "NMDOT maintenance includes a duty to remedy a known dangerous condition on a roadway," *id.* **at ¶ 24**, and that this "particular section of Interstate 40 . . . is heavily trafficked." *Id.* **at ¶ 25**. In essence, Plaintiffs' Complaint alleges: (1) NMDOT "was negligent" in its failure to "maintain" this section of Interstate 40, (2) NMDOT "knew or should have known about the dangerous conditions," and (3) NMDOT "did not exercise ordinary care in appropriately identifying and addressing a known hazard in order to keep the interstate safe." *Id.* **at ¶¶ 26–28**.

Defendant Walker alleges that NMDOT was fraudulently joined to the lawsuit to defeat diversity jurisdiction (**Doc. 1 at 2**). Specifically, Defendant Walker avers that NMDOT cannot be sued for "a defect in plan or design of any highway or roadway or the failure to construct or reconstruct any highway or roadway." **Doc. 14 at 2**.

Consistent with state rules, Defendants were served with process in February and March 2024 (**Doc. 7 at 3**). On March 14, 2024, Defendant Indiana Transport entered its appearance, filed an Answer, and filed a request for production. *Id.* The next day, Defendant Indiana Transport filed its jury demand. *Id.* A few weeks later, on April 4, 2024, Defendant NMDOT filed its entry of appearance, Answer, and a Motion to Dismiss (**Doc. 7 at 4**). Then, on April 15, 2024, Defendant Walker entered his appearance and Notice of Removal. *Id.* **at 5; Doc. 1**. Defendant Walker's removal was based, in part, on his above-mentioned allegation of fraudulent joinder. The removal

was also premised upon "consent" by all the co-Defendants (as well as diversity of citizenship). **Doc. 1-4; Doc. 7 at 5**.

Now in federal court, Plaintiffs filed their Motion to return this action back to the First Judicial District Court, County of Santa Fe, State of New Mexico (**Doc. 7**). They argue that removal was improper since NMDOT waived its right to removal by submitting to the jurisdiction of the state court by filing its motion to dismiss. *Id.* **at 2**. Defendant Walker disagrees (**Doc. 14**). He argues that removal was proper because NMDOT was "fraudulently joined," *id.* **at 1**, so diversity jurisdiction exists (while also asserting NMDOT did not waive its right to consent to removal).

## DISCUSSION

Federal courts have jurisdiction over two general types of cases: (1) cases that arise under federal law, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Unless jurisdiction is established, this federal case is like an automobile without gas—it cannot go forward.

### I. NMDOT Waived Removal by Litigation and Participation

Generally, a "civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed [to federal court] by the defendant." 28 U.S.C. § 1441(a). Thereafter, notice of removal must be filed by the Defendant within 30 days of service. 28 U.S.C. § 1446(b)(1). But removal alone does not ensure (or perfect) federal jurisdiction.

Instead, sometimes, removal might be improper—and the action is remanded back to state court. *See* 28 U.S.C. § 1447(c). There are two bases of remand under § 1447(c): "(1) those based

on a lack of subject-matter jurisdiction, which have no time limit, and (2) those based on 'any defect other than lack of subject matter jurisdiction,' which must be filed within 30 days of removal." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017); *see* 28 U.S.C. § 1447(c). In the same way lanes guide a driver, the jurisdictional and removal statutes guide the Court's analysis. A solid centerline indicates no passing. That is § 1332. A case cannot exist, nor can a court act, without jurisdiction. Jurisdiction is a line that cannot be crossed. But a dashed line on your side of the road means passing is permitted. That is like Sections 1441 and 1466—telling litigants when removal is allowed. In reality, of course, traffic laws do not ensure compliance. And, unfortunately, the removal statute can also be ignored or abused.

The Court now turns its attention to the allegedly "improper" removal (**Doc. 7 at 2**).

For starters, the Court must contemplate what constitutes a "defect" under § 1447(c). Tenth Circuit case law explains that: (1) noncompliance with the time limits, (2) noncompliance with the unanimity requirements, and (3) noncompliance with the forum-defendant rule each forbid removal. *Soto Enters., Inc.*, 864 F.3d at 1094–95 (compiling cases). Particularly relevant here is § 1446(b)(2)(A)—which requires unanimity amongst Defendants. A "lack of unanimity is a procedural defect clearly established by statute as precluding removal." *Harvey v. Ute Indian Tribe of Uintah & Ouray Reservation*, 797 F.3d 800, 805 (10th Cir. 2015); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574 (2004) (explaining there must "be complete diversity at the time of removal").

Here, the Defendants are not diverse. NMDOT is a resident[2] of New Mexico (**Doc. 7 at 2**). Defendant Walker agrees—but instead argues that NMDOT was fraudulently joined (**Doc. 1 at 5–**

---

[2] NMDOT's presence in this suit also implicates the forum-defendant rule. *See Am. Oil. Co. v. McMullin*, 433 F.2d 1091, 1093–95 (10th Cir. 1970); 28 U.S.C. § 1441(b)(2) (explaining a civil action removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"); *cf. Woods v. Ross Dress for Less, Inc.*, 985 F.3d 775, 779 (10th

4

**7; Doc. 14 at 1–5**). The Court, upon review of New Mexico state law, finds NMDOT was properly named as a party. *See infra* ¶ II. For this reason, removal was improper under §§ 1332 and 1441.

But what about waiver by participation? In *Soto Enterprises*, the Tenth Circuit determined this common-law creation[3] can override later removal efforts. Specifically, "when a defendant files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *Soto Enters., Inc.*, 864 F.3d at 1099. This "bright-line rule" seeks to "avoid piecemeal litigation that would distinguish cases based on the length of delay between motions to dismiss and motions to remove and based on any number of like considerations." *Id.*

Here, NMDOT filed a motion to dismiss in state court. According to the Tenth Circuit, the filing of such a motion by a defendant manifests intent to submit to state court jurisdiction. *Soto Enters., Inc.*, 864 F.3d at 1099.

Furthering the Court's analysis is the fact the state's procedural rules did not "compel" Defendant NMDOT's state-court participation. *Soto Enters., Inc.*, 864 F.3d at 1099. Of course, the Court acknowledges that the state "compelled" Defendants' participation with respect to the filing

---

Cir. 2021) (Hartz, J., dissenting) (noting that "local defendants have no legitimate need to remove cases to federal court").

[3] *See* 14B Charles Alan Wright et al., Federal Practice and Procedure § 3721 (4th ed. 2017) ("A state court defendant also may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action."); *see also Harvey*, 797 F.3d at 809 (Hartz, J., concurring) (stating that waiver by litigation is a "defect in removal procedure").

Unsurprisingly, the Tenth Circuit is not alone in applying this doctrine of waiver by participation. *See, e.g., Aqualon Co. v. MAC Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some such substantial defensive action in the state court before petitioning for removal."); *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015) (noting that a Defendant's right to removal can be waived by pre-removal litigation in state court); *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994) (explaining a "defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum"); *Yusefzadeh v. Nelon, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (explaining a state court Defendant may "lose or waive" the right to remove a case by taking "some substantial offensive or defense action").

of their Answers. *See* Rule 1-012(A) NMRA (noting that answers will be filed within thirty days). Conversely, however, NMDOT was not compelled to file a motion to dismiss. *See* Rule 1-012(B)(6) NMRA. Although NMDOT could file its Answer in state court without waiving removal, its filing of the motion to dismiss waived removal. *Soto Enters., Inc.*, 864 F.3d at 1098.

Again, NMDOT was not in any sort of "quandary" based on time constraints. *Soto Enters., Inc.*, 864 F.3d at 1099. Plaintiffs served process on Defendant Walker on March 15, 2024. That means the countdown to either remove or filing a motion to dismiss was not due until April 15, 2024. Thus, when NMDOT filed its state-level motion to dismiss on April 4, 2024, there was no compulsion. *See City of Albuquerque v. Soto Enters., Inc.*, No. 16-cv-99, 2016 U.S. Dist. LEXIS 49094, at *6 n.1 (D.N.M. Apr. 11, 2016), *aff'd*, 864 F.3d 1089 (10th Cir. 2017) (explaining that because "New Mexico gives a defendant 30 days to answer or otherwise respond to a complaint . . . there is not a deadline gap that would potentially force a New Mexico defendant to forgo filing a motion to dismiss or shorten the time for removal"). Put simply: New Mexico's procedural rules didn't compel NMDOT to file a state motion to dismiss before its 30-day removal period had expired. Rather, NMDOT "jumped the gun" by participating in the state case "without needing to do so." *Soto Enters., Inc.*, 864 F.3d at 1099–1100.

Based on these facts, the Court concludes that Defendant NMDOT waived its right to removal by participating in the state court proceedings.

It follows then that removal was improper. Because NMDOT waived removal by participation—as mentioned above—they are precluded from consenting to removal. *Harvey*, 797 F.3d at 803. And without NMDOT, unanimity of diversity (Defendant Walker's basis for removal) is lacking. All of this to say, there is more than one off ramp for this case—as removal was both procedurally and jurisdictionally defective. *See* 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

**II. NMDOT Was Not Fraudulently Joined to Defeat Diversity Jurisdiction**

Defendant Walker's Notice of Removal (**Doc. 1**) alleges Plaintiffs fraudulently joined NMDOT to defeat diversity jurisdiction. Naturally, Plaintiffs disagree—arguing their claim against NMDOT under the New Mexico Tort Claims Act ("NMTCA"), NMSA 1978, § 41-4-11, is viable (**Doc. 7 at 8–9**).

The Court must determine whether there is "a reasonable basis to believe that plaintiff might succeed" against NMDOT—the non-diverse Defendant. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). In so doing, a district court is directed to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). Given this mandate by the Tenth Circuit, the Court will consider Plaintiffs' Response (**Doc. 7-10**) to NMDOT's motion to dismiss. *Compare* **Doc. 7 at 9** (incorporating Plaintiffs' Response by reference), *with* **Doc. 14 at 5–6** (asking the Court not to consider Plaintiffs' Response under Fed. R. Civ. P. 10(c) as improperly incorporated).

"[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (unpublished) (citation omitted). Thus, a Defendant "bears a heavy burden of proving fraudulent joinder." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). Clearly, Defendant Walker faces an uphill battle. He must prove either: (1) actual fraud in the pleading, or (2) an inability of the Plaintiff to establish a cause of action. *Id.* (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

Defendant Walker does not allege any fraud in the pleading itself (**Docs. 1 & 14**). Instead, Defendant contends Plaintiffs' claim against NMDOT—brought under the NMTCA—is not possibly viable. *Id.* **at 2**. In truth, however, Defendant "must demonstrate that there is no possibility

7

that [plaintiff] would be able to establish a cause of action." *Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, at *4 (10th Cir. Apr. 14, 2000) (unpublished) (alteration in original).

Upon consideration, the Court finds that Defendant Walker's argument ignores the totality of Plaintiffs' pleading and improperly prejudges the viability of Plaintiffs' allegations. Resolution of this issue turns upon the word "maintenance." **Doc. 1-1 at ¶ 16; Doc. 14 at 2**. And as the New Mexico Supreme Court has held, "the term 'maintenance' is not limited to 'upkeep and repair.'" *Martinez v. N.M. DOT*, 2013-NMSC-005, ¶ 20, 296 P.3d 468 (N.M. 2013). In fact, the *Martinez* Court explained that "the duty to remedy a dangerous condition on New Mexico highways is nothing new under New Mexico law generally and under the Tort Claims Act specifically." *Id.* at ¶ 33. Tellingly, the Court explained that the dangerous condition can even "result from the original design of the highway so long as the State has sufficient notice of the danger." *Id.* Plus, notice (another issue which Defendant Walker claims was insufficiently pled) can mean that NMDOT "knew or should have known" of the dangerous condition—sufficient to trigger "a duty to take remedial measures." *Id.* at ¶ 41. And the question of whether or not NMDOT had notice is "a question of fact for the jury." *Id.* (quoting *Ryan v. N.M. State Highway & Transp. Dep't*, 1998-NMCA-116, ¶ 8, 125 N.M. 588, 964 P.2d 149 (N.M. Ct. App. 1998)).

The *Martinez* case is not a one-off. The New Mexico Supreme Court has repeatedly stated the "sole purpose of waiver in Section 41-4-11(A) is to ensure that highways are made and kept safe for the traveling public." *Rutherford v. Chaves Cnty.*, 2003-NMSC-10, ¶ 24, 133 N.M. 756, 69 P.3d 1199 (N.M. 2003); *Miller v. N.M. DOT*, 1987-NMSC-081, ¶ 8, 106 N.M. 253, 741 P.2d 1374 (N.M. 1987). Plaintiffs' Complaint uses nearly identical language. But the overlap between Plaintiffs' Complaint and the state law continues. Look no further than *Lerma v. State Highway Dep't*, 1994-NMSC-069, 117 N.M. 782, 877 P.2d 1085 (N.M. 1994):

> If the [NMDOT] is found to have breached its duty by negligently failing to erect or maintain fences along the highway, it may be held liable because such negligence falls within the waiver of sovereign immunity.

*Id.* at ¶ 8. Weighing against Defendant Walker is the presumption against[4] removal, the fact that Defendants bear a heavy burden to prove fraudulent joinder, and the principle that all factual and legal issues must be resolved in favor of the Plaintiffs. Thus, to the extent Plaintiffs' Complaint alleges (**Doc. 1-1 at ¶¶ 21 & 24–25**) NMDOT had "a duty" to remedy a dangerous condition (*i.e.*, the lack of a "barrier and/or guardrail" in a "heavily trafficked" area), the Court finds this is plausibly viable cause of action under New Mexico law.

Simply stated, Defendant Walker has not shown fraudulent joinder. Additionally, because Defendant Walker did not prove fraudulent joinder, complete diversity does not exist under § 1332(a)(1). Thus, without complete diversity, this Court lacks jurisdiction so the case must be remanded.

### III. The Court Declines to Awards Fees and Costs

One final matter must be addressed. Plaintiffs seek the fees and costs incurred as part of these proceedings (**Doc. 7 at 10**). Although the Court concludes that Defendant has not proved fraudulent joinder—thus, the jurisdictional minimum for removal has not been met—the Court declines to grant an award of attorney's fees under § 1447(c).

First, the Court notes that remanding a case "*may* require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c) (emphasis added). But granting remand does not necessarily mean the Defendant lacked a reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (discussing

---

[4] Federal removal jurisdiction is statutory in nature and is to be strictly construed. See *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941). Accordingly, there is "a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

9

reasonableness as the guiding principle of § 1447(c) awards); *Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (same).

Although Plaintiffs' succeeded in their goal of having this case remanded back to state court, the Court nevertheless concludes that Defendants' grounds for removal were reasonable. A losing argument is not necessarily an unreasonable one. Although Defendant Walker ultimately failed to carry his burden of proving fraudulent joinder, the underlying argument was objectively reasonable, so an award of attorney fees and costs is not justified.

## CONCLUSION

The Court lacks diversity jurisdiction over this case because there was a lack of complete diversity at the time of removal. 28 U.S.C. § 1447(c). Defendant has not carried its heavy burden of showing there is no possibility of claims against the non-diverse defendant, NMDOT.

Therefore, the Court **GRANTS** Plaintiffs' Motion to Remand (**Doc. 7**). However, Plaintiffs request for an award of attorney's fees and costs is **DENIED**.

It is **FURTHER ORDERED** that the Clerk of Court shall take the necessary actions to have this case **REMANDED** to the First Judicial District Court, Countyh of Santa Fe, State of New Mexico.

**IT IS SO ORDERED.**

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE